


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - 08-CV-824

Diane Brozosky

Plaintiff,

v.

NCO Financial Systems, Inc. and Doug Augustina.

Defendants.

FILED
FEB 19 2008
MICHAEL E. KUNZ, Clerk
By M.A.S. Dep. Clerk

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq. as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff Diane Brozosky (hereinafter "Brozosky") is a natural person who resides in the City of Allentown, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).



5. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO"), is a business entity with its headquarters located at 570 Prudential Road, Horsham, Pennsylvania 19044.

6. At all times relevant to this Complaint, Defendant NCO transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Doug Augustina (hereinafter "Augustina") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff Diane Brozosky allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with Bank of America/MBNA.

9. Brozosky allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

10. Upon information or belief, Brozosky's Bank of America account was placed, sold or otherwise transferred to NCO for collection in or around September 2007.

11. Following placement of the Bank of America debt, NCO began contacting Plaintiff at both her residence and place of employment in an attempt to collect the debt.

12. In or around late September 2007, Defendant NCO by and through its agent/employee Augustina contacted Brozosky at her residence and demanded

payment of the alleged debt. Brozosky explained to Augustina she was enduring a financial hardship, started new employment and was attempting to address her financial situation but could not pay the alleged debt at the time. Said communication was Defendants' initial communication with Brozosky. However it was not until in or around November 6, 2007 Defendant NCO caused its first written collection letter to be sent via U.S. Mail to Brozosky, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. 1692e, 1692e(10), 1692f, and 1692g(a)(1)-(5). A true and correct copy of said letter is attached hereto as Exhibit "A."

13. On or about late September, early October 2007, Defendant NCO caused a call to be placed to Brozosky's place of employment.

14. During Defendants' initial call to Brozosky's place of employment she advised Defendant NCO's agent/employee Augustina that she was not permitted to receive calls regarding personal matters at her place of employment and that such calls were extremely inconvenient.

15. Despite notice that such calls were prohibited by Brozosky's employer and extremely inconvenient to Brososky, Defendants regularly placed calls to Brozosky's place of employment throughout the months of October, November, December 2007 and January 2008, in an attempt to coerce payment of a debt in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

16. During calls placed to Brozosky's work, Defendant Augustina regularly left voice mail messages at Brozosky's desk, and placed calls to the desks of Brozosky's co-workers multiple times per day, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

17. Upon information or belief, Defendants also contacted the Human Resources department of Brozosky's employer and verified Brozosky's employment, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

18. Defendants also caused messages to be left on Brozosky's voicemail at work, wherein Defendant Augustina acted as if he was leaving the message for Brozosky's co-worker Marriane Valent concerning Brozosky in an attempt to coerce payment and in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

19. In or around mid-December 2007, Brozosky again spoke with Defendant Augustina when Augustina contacted Brozosky's place of employment. During the conversation, Defendant Augustina advised Brozosky, "I checked your credit report, you're not even trying to pay this debt. I verified your employment since 8/14/06, there's no reason you can't repay this debt. You're going to be subpoenaed on Friday, December 14, 2007 at work, we're placing a lien on your

home and ordering a sheriff's sale." Defendants communication with Brozosky violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5) 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11) and 1692f amongst others.

20. To date, Defendant NCO continues to make multiple and numerous telephone calls per day to Brozosky's place of employment despite prior notice that such calls were prohibited by Brozosky's employer and extremely inconvenient to Brozosky. Defendants continued calls violate multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5) 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

21. As a result of Defendants' repeated, false, deceptive, harassing and abusive telephone calls Brozosky has endured extreme fear, stress, anger, frustration and humiliation. In addition, Defendants actions have had a detrimental effect on Brozosky's employment including but not limited to relationships with co-workers, superiors, and clients as well as reducing Brozosky's productivity. As a result of Defendants' calls while at work Brozosky fears answering calls, a regular task of her employment, concerned that Defendants will be the caller.

**TRIAL BY JURY**

22. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

**AND THE PENNSYLVANIA UNFAIR TRADE PRACTICE ES AND CONSUMER PROTECTION LAW (UTPCPL)**

**73 P.S. § 201-1 et. seq.**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

28. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

29. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

30. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Contacting any third party more than once;

(b) Contacting consumer at a time known to inconvenient to the consumer;

(c) Contacting a consumer at her place of employment after receiving notice that such communications are prohibited by the employer;

(d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any purpose;

(e) Causing the phone to ring or engaging any person in telephone conversations repeatedly;

(f) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(g) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt.

(h) Making false or deceptive statements or implying that an individual is an attorney;

(i) Stating that nonpayment of a debt will result in arrest or imprisonment or the seizure garnishment or attachment or sale of property;

(j) Threatening to take any action that cannot be legally taken or that is not intended to be taken;

(k) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

(l) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

32. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

**COUNT III.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

35. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

36. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

37. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

**COUNT II.**

**VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT**

**(FCEUA)**

**73 P.S. § 2270.1 et. seq.**

**AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)**

**73 P.S. § 201-1 et. seq.**

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;
- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;
- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a)

**COUNT III.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;
- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 8, 2008

**RAPA LAW OFFICE, P.C.**

By: s/Jason M. Rapa
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Diane Brozosky, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 2/13/08

Diane M Brozosky

Diane Brozosky